**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RAY CHRIS MOBLEY,**
       **Plaintiff,**

vs.                                                    Case No. 3:07cv230/MCR/MD

**SHERIFF RALPH JOHNSON, et al.,**
       **Defendants.**

---

**ORDER and
REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff filing a civil rights complaint (doc. 1) pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis* (doc. 9). For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* will be granted.

Because plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Because the language of section 1915(e)(2)(B)(ii) tracks the language of FED.R.CIV.P. 12(b)(6), Rule 12(b)(6) standards apply in determining whether a claim is subject to dismissal under section 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as

pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, --- L.Ed.2d --- (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is currently incarcerated at Santa Rosa Correctional Institution. (Doc. 7). He filed his complaint while incarcerated as a pre-trial detainee at the Walton County Department of Corrections ("Walton County Jail"). His complaint names numerous defendants, including the Walton County Jail; Ralph Johnson, Sheriff of Walton County; Danny Glidewell, Director of the Walton County Jail; Stan Sunday, Assistant Director of the Walton County Jail; several corrections officers at the Walton County Jail; and "Each and Every Commissioner for Walton County, Florida." (Doc. 1, pp. 1-2). Plaintiff's complaint presents a running chronology from January 22, 2007 through May 22, 2007 of corrections officers' denial of plaintiff's requests for writing supplies, legal copies, stamps, and access to a law library; their loss of unidentified "legal materials," and their loss of "physical evidence" (two books and a legal chart which plaintiff prepared for use in his criminal trial). Plaintiff complains that he sent several grievances to Directors Glidewell and Sunday, and a letter to Sheriff Johnson, but none of them responded. Plaintiff claims the defendants' conduct denied him access to the courts and due process, and violated unidentified "State and Federal constitutional rights." As relief, he seeks: "fines for mental anguish and punitive damages," as well as injunctive relief.[1]

Plaintiff's claim for monetary damages for mental anguish he suffered as a result of defendants' alleged conduct is prohibited by 42 U.S.C. § 1997e(e).

---

[1]The specific injunctive relief plaintiff seeks is an investigation of the Walton County Department of Corrections for "uncertified personnel," a law library for inmates, legal material and supplies for indigent inmates, and "access to courts." (Doc. 1, p. 7).

Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." As the Eleventh Circuit recently explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has decided that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532 (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000)). This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned. (Doc. 1, p. 2). Plaintiff's complaint alleges only mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate for the application of § 1997e(e).

Based on the foregoing, plaintiff is prohibited under the PLRA from bringing his damages claims while imprisoned unless he alleges physical injury.[2] Further, he must allege more than a *de minimis* physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy

---

[2]The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests fines and punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury).  In the instant complaint, plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from jail officials' conduct.  Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims.

   As to plaintiff's claims for injunctive relief, such claims should be dismissed as moot.  On June 23, 2007 plaintiff informed the court that he had been transferred from the Walton County Jail to Santa Rosa Correctional Institution.  (Doc. 7).  Because plaintiff is no longer incarcerated within the Walton County Jail, no order from this court requiring Walton County Jail officials to act in the manner plaintiff prescribes could have any effect.  Therefore, his requests for injunctive relief are moot.  Furthermore, since plaintiff is no longer confined within the Walton County Jail and there appears no reason to believe that he will again be in custody under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply.  *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state  prison mooted claims for injunctive and declaratory relief against county jailers).  Thus, plaintiff's claims for injunctive relief should be dismissed.

Having dismissed all federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 9) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That plaintiff's damages claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(ii).

2. That plaintiff's claims for injunctive relief be DISMISSED as moot.

3. That plaintiff's state law claims, including those arising under the Florida Constitution, be DISMISSED WITHOUT PREJUDICE.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of August, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).